**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-1134**

_____

MICHAEL HUDGENS,

           Plaintiff - Appellant,

      v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

           Defendant - Appellee.

_____

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Timothy M. Cain, District Judge.
(6:13-cv-03108-TMC)

_____

Submitted:  August 27, 2015          Decided:  August 31, 2015

_____

Before GREGORY, AGEE, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael Hudgens, Appellant Pro Se.  Molly Elizabeth Carter,
SOCIAL SECURITY ADMINISTRATION, Boston, Massachusetts; William
Norman Nettles, United States Attorney, Marshall Prince, II,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Hudgens appeals the district court's order affirming the Commissioner's denial of disability benefits. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2012). The magistrate judge recommended that relief be denied and advised Hudgens that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985). Hudgens has waived appellate review by failing to file specific objections after receiving proper notice. Accordingly, we affirm the judgment of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED